```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
THE CORYN GROUP II, LLC,
                              *
     Plaintiff,
                              *
          v.                      CIVIL NO.: WDQ-08-2764
                              *
O.C. SEACRETS, INC.,
                              *
     Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Coryn Group II, LLC ("Coryn II") appealed the Trademark Trial and Appeal Board's ("the Board") decision to (1) grant O.C. Seacrets, Inc.'s ("O.C. Seacrets") petition for cancelation of Coryn II's registration, and (2) deny Coryn II's counterclaim.  Pending are O.C. Seacrets's motion for summary affirmance and Coryn II's motion for further discovery.  For the following reasons, the motions will be denied.

I.   Background

On October 20, 2008, Coryn II appealed the Board's decision[1] to cancel its registration of the mark "SECRETS" for resort

---

[1] A party to a cancelation proceeding who is dissatisfied with the decision of the Trademark Trial and Appeal Board may have remedy by a civil action.  15 U.S.C. § 1071 (a)-(b) (2006).

hotel services.[2]  Paper No. 1.  On December 12, 2008, O.C. Seacrets cross-appealed, counterclaimed against Coryn II for trademark infringement and unfair competition, and filed a third-party complaint against the Coryn Group, Inc. ("Coryn I") and AMResorts, LLC ("AMResorts") for trademark infringement and unfair competition.  Paper No. 18.

On July 28, 2009, O.C. Seacrets moved for summary affirmance of the Board's decision.  Paper No. 50.  On August 14, 2009, Coryn II moved for further discovery under Federal Rule of Civil Procedure 56(f).  Paper No. 51.

II. Analysis

   A. O.C. Seacrets's Motion for Summary Affirmance

O.C. Seacrets seeks summary affirmance because (1) the Board's factual determinations are supported by substantial evidence, (2) its legal conclusions are not clearly erroneous, and (3) Coryn II has not introduced new evidence that would alter the Board's findings of fact and conclusions of law. Def.'s Mot. Summ. Affirm. 1-2.  Coryn II responds that O.C. Seacrets's motion should be denied or treated as a motion for

---

[2] The Board held that Coryn II's mark was likely to cause consumer confusion about O.C. Seacrets's mark, "SEACRETS," which had been previously registered for restaurant and bar services. Compl. ¶ 10; Ex. A at 23.  The Board also denied Coryn II's counterclaim for partial cancellation or restriction of O.C. Seacrets's mark.  Compl. ¶ 11; Ex. A at 25.

summary judgment and denied because Coryn II has not completed discovery. Pl.'s Mot. Further Disc. 1.

O.C. Seacrets "does not seek . . . summary judgment" but rather summary affirmance. Def.'s Mot. Summ. Affirm. 2. "Summary affirmance of a case is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.'" *Branch-Williams v. Dep't of Veterans Affairs*, 311 Fed. Appx. 335, 335 (Fed. Cir. 2008) (*quoting Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).[3]

Here, summary affirmance is inappropriate. First, Coryn II has raised several colorable arguments in its appeal, and there may be a substantial question about the appeal's outcome.

---

[3] *See also, e.g., United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006) (summary affirmance should be confined to limited circumstances such as (1) emergencies, (2) "when arguments in the opening brief are incomprehensible or completely insubstantial," or (3) "when a recent appellate decision directly resolves the appeal."); *Chemical Eng'g Corp. v. Marlo, Inc.*, 754 F.2d 331, 335 (Fed Cir. 1984) (granting summary affirmance because appeal was "clearly hopeless and unquestionably without any possible basis in fact or law"); *Nat'l Labor Relations Bd. v. Playskool, Inc.*, 431 F.2d 518, 519-20 (7th Cir. 1970) (granting summary affirmance because appellees' contentions were "so insubstantial as to render [their] appeal[] frivolous"); 4th Cir. R. 27(f) (Motions for summary affirmance are reserved for extraordinary cases and should not be filed routinely. Such motions are seldom granted.).

3

The Court's role in reviewing the Board's decision also counsels against summary affirmance.  The principal reason to challenge the Board's decision in district court rather than the Federal Circuit is the opportunity to submit new evidence. *Glendale Int'l Corp. v. U.S. Patent and Trademark Office*, 374 F. Supp. 2d 479, 484 n.7 (E.D. Va. 2005).  When reviewing the Board's decision, "the district court sits in a dual capacity, serving on one hand as the finder of fact with respect to new evidence presented by the parties, and on the other as an appellate reviewer of facts found by the [Board]."  *Id.* at 485.  The Court defers to the fact findings of the Board, but reviews new evidence *de novo*.  *Skippy, Inc. v. Lipton Invs., Inc.*, 345 F. Supp. 2d 585, 586 (E.D. Va. 2002).

Accordingly, the Court will consider the record below and new evidence offered by the parties.  O.C. Seacrets's motion, filed on July 28, 2009, came before the end of discovery, and Coryn II asserts that it is still collecting new evidence in support of its appeal.[4]  Because Coryn II is entitled to a trial *de novo* on any new evidence, summary affirmance before the end of discovery would preclude Coryn II from obtaining evidence

---

[4] When O.C. Seacrets filed its motion, discovery was scheduled to close on September 15, 2009. Paper No. 48.  The deadline was extended to October 15, 2009.  Paper No. 57.  On October 15, 2009, the parties submitted status reports stating that discovery is not complete.  Paper Nos. 70, 71.

that an appeal under 15 U.S.C. § 1071(b) is designed to permit. *Carefree Trading, Inc. v. Life Corp.*, 19 Fed. Appx. 841, 847 (Fed. Cir. 2001).  Accordingly, O.C. Seacrets's motion will be denied.

    B.  Coryn II's Motion for Further Discovery

    Because O.C. Seacrets's motion for summary affirmance will be denied and discovery continues, Coryn II's motion for further discovery will be denied as moot.

III. Conclusion

    For the reasons stated above, O.C. Seacrets's motion for summary affirmance and Coryn II's motion for further discovery will be denied.

October 22, 2009　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　United States District Judge