IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THE CORYN GROUP II, LLC,

    Plaintiff,

v.                         CIVIL NO.: WDQ-08-2764

O.C. SEACRETS, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The Coryn Group II, LLC ("Coryn II") appealed the Trademark Trial and Appeal Board's ("TTAB") cancellation of its registration for the mark "SECRETS" for "resort hotel services" and its denial of partial cancellation or amendment of O.C. Seacret's ("O.C.'s") prior registration of the "SEACRETS" mark for "restaurant and bar services." O.C. counterclaimed against Coryn II, and sued the Coryn Group, Inc., and AMR Resorts, LLC, (collectively "Coryn") for trademark infringement and unfair competition under the Lanham Act and Maryland common law. For the following reasons, O.C.'s motion to set the order of proof at trial will be granted, and its motion for clarification or reconsideration will be granted in part, and denied in part.

I.    Background

O.C., a Maryland corporation, owns and operates "Seacrets," a Jamaican-themed "entertainment complex" in Ocean City,

Maryland. Leighton Moore Dep. 83:10-98:8, Oct. 2, 2006. O.C.'s federally registered trademark "SEACRETS" was issued on October 7, 1997 for "restaurant and bar services." ECF No. 94, Ex. 3.

On June 22, 2000, Coryn filed an intent-to-use application for the mark SECRETS for "resort hotel services" with the United States Patent and Trademark Office ("USPTO"). Compl. ¶ 6. On October 7, 2003, the USPTO registered the SECRETS mark and assigned it U.S. Registration No. 2772061. *Id.* ¶ 7.

On January 23, 2004, O.C. petitioned the USPTO's TTAB to cancel Coryn's SECRETS mark, arguing that its mark SEACRETS covered services "closely related, if not identical" to "resort hotel" services and there was a likelihood of confusion between the marks. *Id.* ¶ 8 & Ex. A at 3. Before the TTAB, Coryn counterclaimed against O.C. for partial cancellation or restriction of the SEACRETS mark, and sought to amend the recitation of services for its own mark.

On August 20, 2008, the TTAB ordered the cancellation of Coryn's registration because O.C. had a priority of usage in its SEACRETS mark and there was a likelihood of confusion between the marks. *Id.* ¶ 10. The TTAB also denied Coryn's petition for partial cancellation or restriction because it found that the proposed restrictions would not avoid confusion. *Id.*

On October 20, 2008, Coryn appealed the TTAB's decision to this Court. ECF No. 1. On December 10, 2008, O.C. counterclaimed for trademark infringement and unfair competition under the Lanham Act and Maryland common law. ECF No. 29. Trial was scheduled to begin on February 7, 2011. ECF No. 214.

On January 10, 2011, O.C. moved to set the order of proof at trial and realign the parties so that O.C.—although named as the defendant in Coryn's appeal—would present to the jury first. ECF No. 187. On January 24, 2011, Coryn opposed the motion because it was untimely and would unfairly prejudice Coryn as it had "prepared for trial on the understanding that [it] would proceed . . . as plaintiff" and changing the order "on the eve of trial would confuse . . . the presentation of evidence" and require the parties to re-label trial exhibits. ECF No. 202.

When trial was rescheduled for October 31, 2011, the Court ordered supplemental briefing on the motion to set the order of proof. ECF No. 222. The Court ordered the parties to address "whether, in setting the order of proof for trial, it is relevant that Coryn bears the burden of proof on the TTAB appeal." *Id.* Because it was apparent that the parties disagreed about when the Court could decide the TTAB appeal, the Court also ordered the parties to address "whether [it] may decide the TTAB appeal before the jury decides O.C.'s infringement claims." *Id.* The Court also issued a memorandum

opinion resolving several motions *in limine*. ECF No. 221. In that opinion, the Court granted Coryn's motion to exclude the TTAB decision from presentation to the jury. *Id*.

On March 23, 2011, O.C. moved for clarification or reconsideration of the March 10, 2011 decision. ECF No. 223. On April 1, 2011, O.C. filed its supplemental brief on its motion to set the order of proof. ECF No. 226. Coryn filed its supplemental brief on April 15, 2011. ECF No. 228.

II. Analysis

A. Motion to Set the Order of Proof at Trial

O.C. argues that it should present first at the trial, as if it were the plaintiff, because it bears the burden of proof on all claims that will be decided by the jury, and the appeal "must be decided by the Court before O.C.'s infringement claim is turned over to the jury." ECF No. 226 at 2, 4. Coryn contends that the presentation of evidence should not be realigned because its burden of proof on the TTAB appeal will remain relevant throughout the trial. Coryn also argues that the Seventh Amendment requires the jury to resolve O.C.'s counterclaims before the TTAB appeal is decided. ECF No. 228 at 2.

1. When the Appeal May Be Decided

Because the parties dispute when the TTAB appeal may be decided, the Court addresses that issue first. Coryn argues

that the appeal must be decided after the jury has determined all common factual issues between it and the counterclaims to avoid a violation of the Seventh Amendment right to a jury trial on the counterclaims. It contends that the common issues include the "existence and priority of rights, the strength of the asserted mark, the similarity of the marks, and the relatedness of the relevant goods and services." *Id.* at 4.

O.C. contends that "[t]here is nothing the jury needs to decide prior to the Court's resolution of [the] appeal," and there is "a material difference between the 'likelihood of confusion' analysis that is the subject of Coryn's appeal and the 'likelihood of confusion' analysis that is the subject of O.C.['s] infringement claim." ECF No. 226 at 5-7.

    a.    Right to a Jury Trial

The Seventh Amendment secures the right to a jury trial in actions "analogous to 'Suits at common law,'" meaning "suits brought in the English *law* courts," and not in cases "analogous to 18th-century cases tried in courts of equity or admiralty." *Tull v. United States*, 481 U.S. 412, 417 (1987) (emphasis in original).[1] "When legal and equitable claims are joined in the

---

[1] The Seventh Amendment provides that in "Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

same action, 'the right to a jury trial on the legal claim, including all issues common to both claims, remains intact.'"[2]

Because O.C. seeks monetary damages for its infringement and unfair competitions claims, they are legal and the Seventh Amendment provides a right to jury trial. *See, e.g., Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477 (1962); *U.S. Hosiery Corp. v. The Gap, Inc.*, 707 F. Supp. 800, 803 n.2 (W.D.N.C. 1989). The Court must consider whether the counterclaims share common questions of fact with the TTAB appeal that should be submitted to the jury.

---

[2] *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550 (1990)(quoting *Curtis v. Loether*, 415 U.S. 189, 196 n. 11 (1974)). "[T]he jury first must resolve any common issue of fact; the district court then can resolve those claims that are for it to determine." *Mat. Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.*, 146 F.3d 983, 988 (D.C. Cir. 1998) (citing *Lytle*, 494 U.S. at 556 n. 4). In other words, "the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989). "[I]f an issue common to both legal and equitable claims [is] first determined by a judge, relitigation of the issue before a jury might be foreclosed by *res judicata* or collateral estoppel." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 332, 334 (1979). "To the extent that the elements of the two types of claims mirror one another, the jury's findings on the legal questions are binding in resolving the equitable issues." *Richardson v. Leeds Police Dept.*, 71 F.3d 801, 806 (11th Cir. 1995. *See also Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir. 1988)("under the Seventh Amendment, the court may not substitute its judgment of the facts for that of the jury" and "any essential factual issues which are central to both [the legal and equitable claims] must be first tried to the jury, so that the litigants' Seventh Amendment jury trial rights are not foreclosed on common factual issues.").

### b. Determination of O.C.'s Claims

O.C. has sued Coryn for trademark infringement and unfair competition in violation of sections 32 (1) and 43 (a) of the Lanham Act. 15 U.S.C. §§ 1114, 1125. To prevail on these claims, O.C. "must prove that it has a valid protectable trademark," and that Coryn "is infringing its mark by creating confusion, or a likelihood thereof, by causing mistake, or by deceiving as to the attributes of its mark." *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 804 (4th Cir. 2001) (*citing* 15 U.S.C. §§ 1114, 1125). The "[l]ikelihood of confusion is a question of fact and must be proved by a preponderance of the evidence." *Worsham Sprinkler Co. v. Wes Worsham Fire Prot., LLC*, 419 F. Supp. 2d 861, 872 (E.D. Va. 2006).[3]

### c. Coryn's Appeal

15 U.S.C. § 1071 (b)(1) gives parties "dissatisfied" with a TTAB decision "a remedy by civil action" in the United States

---

[3] In determining whether O.C. has proven a likelihood of confusion, the jury considers: (1) the strength or distinctiveness of O.C.'s mark as actually used in the marketplace, (2) the similarity of the two marks to consumers, (3) the similarity of the goods or services that the marks identify, (4) the similarity of the facilities used, (5) the similarity of advertising, (6) Coryn's intent, (7) actual confusion, (8) the quality of Coryn's product, and (9) sophistication of the consuming public. *George & Co, LLC v. Imagination Entm't, Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009). *See also Super Duper, Inc. v. Mattel, Inc.*, 382 Fed. Appx. 308, 314-16 (4th Cir. 2010).

District Court in any district where venue is proper. This section allows the district court to "remedy erroneous decisions of the TTAB." *Aktieselskabet AF 21 Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 13 (D.C. Cir. 2008).

On appeal, the district court reviews the TTAB's legal conclusions *de novo*, and "sits in a dual capacity" on factual determinations. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 674 (7th Cir. 2001). The court acts both as "an appellate reviewer of facts found by the TTAB," and "also [as] a fact-finder based on new evidence introduced to the court." *Id.*; *Skippy, Inc., v. Lipton Invs., Inc.*, 345 F. Supp. 2d 585, 586 (E.D. Va. 2002), *aff'd* 74 Fed. Appx. 291 (4th Cir. 2003).

Although the court's review is considered *de novo* when there is new evidence, it still "must afford deference to the [TTAB's] fact findings." *CAE, Inc.*, 267 F.3d at 674. Those findings are reviewed under the APA's substantial evidence standard. *Skippy*, 345 F. Supp. 2d at 587.[4] Thus, the Court reviews the TTAB's findings for substantial evidence, and defers to those findings "unless new evidence 'carries thorough conviction.'" *Guantanamera Cigar Co. v. Corporacion Habanos,*

---

[4] "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Skippy*, 345 F. Supp. 2d at 587 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938)).

*S.A.*, 729 F. Supp. 2d 246, 251 (D.D.C. 2010)(*quoting Mat. Supply,* 146 F.3d at 990).

The TTAB cancelled Coryn's registration because it found that (1) O.C. had standing to pursue cancellation based on its priority of usage of the registered SEACRETS mark, and (2) there was a likelihood of confusion between the marks. *See* Compl., Ex. A.[5] To prevail on appeal, Coryn must show that the TTAB's findings about O.C.'s standing or the likelihood of confusion were unsupported by substantial evidence, or contrary to "new evidence carr[ying] thorough conviction." *Guantanamera,* 729 F. Supp. 2d at 251. Although the TTAB analyzes the likelihood of confusion under a different set of factors than the jury will use for O.C.'s counterclaims, on review this Court will use the same factors as the jury, and determine if the result under those factors comports with the TTAB's conclusion.[6] Accordingly,

---

[5] Under 15 U.S.C. § 1064, a party likely to be harmed, may petition the TTAB to cancel a mark's registration. The mark may be cancelled if the petitioner proves that (1) "it has standing to petition for cancellation because it is likely to be damaged," and (2) "there are valid grounds for discontinuing registration." *Coach House Rest., Inc. v. Coach & Six Rests., Inc.,* 934 F.2d 1551, 1557 (11th Cir. 1991)(*citing* 15 U.S.C. § 1064).

[6] *See Coach House Rest.,* 934 F.2d at 1561 ("Although the TTAB need not utilize th[e] multi-factor analysis to be upheld by a district court . . . we do require the district court to analyze the confusion issue via the multifactor analysis to determine if the result comports with that of the TTAB.").

there is commonality between the factual issues that the Court and jury will decide.

But unlike *Material Supply*,[7] on which Coryn relies, because this Court's review will not strictly be *de novo*, its decision on the appeal would not necessarily preclude Coryn from obtaining the jury's full consideration of O.C.'s counterclaims.[8] In the interest of efficiency and because the factual issues are closely related, if not common, the Court will allow the jury to decide the counterclaims before deciding the appeal. After the verdict, the Court will consider any necessary further argument about whether it is bound by the jury's verdict when deciding the TTAB appeal.

---

[7] In *Material Supply,* the plaintiff's appeal of a TTAB decision denying its petition to cancel the defendant's registration was joined with the plaintiff's infringement claim against the same defendant. 146 F.3d at 986-87. The D.C. Circuit held that the district court violated the plaintiff's right to a jury decision on the common factual issues by deciding the issue of ownership first, and instructing the jury based on its finding. *Id.* at 988-89. However, unlike here, the TTAB decision on appeal had granted summary judgment to the defendant, and thus "did not resolve any disputed issue of fact." *Id.* at 990. Because the decision was purely legal, the D.C. Circuit noted that the district court's decision of the appeal should be "based upon a true *de novo*" review. *Id.*

[8] *Cf. Caban-Wheeler v. Elsea*, 71 F.3d 837, 844 (11th Cir. 1996)(no failure to comply with jury's findings when there was no direct conflict between jury verdict and the judge's determination; judge found that the defendant had not intentionally discriminated in Title VII claim, and the jury, when it awarded punitive damages, found the employer's acts were intentional *or* reckless).

2. Realignment of the Order of Proof at Trial

Although the TTAB appeal will be decided after the jury verdict, Coryn's burden will not control the order of proof at trial. The court "has wide discretion to set the order of proof" and "[o]rdinarily . . . extends the privilege of opening and closing the case to the party that has the burden of proof." *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996)(*citing Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980)). Usually, this party is the plaintiff.

But here, O.C.—the defendant and counterclaim plaintiff—will bear the burden of proof on the claims that will be tried to the jury and must prove its ownership and the likelihood of confusion between the marks. Although Coryn will bear the burden of proof on the TTAB appeal, a "recognized basis" for realigning the order of proof "is to make the issues clearer for the jury." *Tesco Corp., (US), v. Varco I/P, Inc.*, 2006 WL 6625915, at *3 (S.D. Tex. Nov. 9, 2006). As O.C. will bear the burden of proof on the jury claims, allowing it to proceed as if it were the plaintiff would be the most logical presentation.[9]

---

[9] *See Athridge v. Aetna Cas. & Sur. Co.*, 474 F. Supp. 2d 102, 106-07 (D.D.C. 2007)(defendant was entitled to open and close case when it bore the burden of proof on the only issue remaining for jury resolution); *United States v. 20.67 Acres of Land*, 2009 WL 5178338, at *1 (W.D. Ky. Dec. 22, 2009)(same).

In consideration of Coryn's concern, although the presentation of the evidence will be reordered, each party need not relabel its exhibits and may use its actual party status before the jury.[10] O.C.'s motion to set the order of proof will be granted.

B. O.C.'s Motion for Clarification or Reconsideration

In the March 10, 2011 Memorandum Opinion, this Court granted Coryn's motion to exclude the TTAB's decision from presentation to the jury. ECF No. 220. The Court explained:

> [I]ntroduction of the TTAB decision is likely to confuse the jury and encourage a decision on an improper basis. Admitting evidence of the decision will likely cause the jury 'to deliberate on the correctness of the previous fact finding, rather than retaining the open-minded, first impression approach to the issue our system prefers.' *Rambus, Inc. v. Infineon Techs. AG*, 222 F.R.D. 101, 110 (E.D. Va. 2004). The jury is likely to given undue weight to the TTAB's findings, undermining its ability to reach its own determinations of the issues.

ECF No. 220 at 6-7.

O.C. states that "it is clear that the Court is concerned about . . . undue weight that could be given to the TTAB's *factual findings*," but seeks "clarification as to whether it [is] barred at trial from using and referring to the fact of the TTAB Decision granting the cancellation of Coryn's federal

---

[10] *See Sweet Jan Joint Venture v. FDIC*, 809 F. Supp. 1253, 1258 (N.D. Tex. 1992)(the purposes of realignment can be accomplished by reordering the presentation of evidence and providing appropriate jury instructions without requiring the parties to waste time and expense relabeling materials filed).

trademark registration." ECF No. 223-1 at 2 (emphasis in original). O.C. contends that "it must be permitted to use the TTAB Decision as evidence to show that Coryn knowingly and recklessly infringed [its] trademark, which . . . is a 'highly pertinent factor'" to an award of damages under the Lanham Act and Maryland common law. *Id.* Coryn argues that the Court's March 10, 2011 Memorandum Opinion clearly prohibits *any* reference to the TTAB's decision, and the decision is irrelevant to the award of damages. ECF No. 227.

Under the Lanham Act, a successful plaintiff may, "subject to the principles of equity . . . recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. 1117(a). "The court shall assess such profits and damages or cause the same to be assessed under its direction," and ensure that any relief awarded "shall constitute compensation and not a penalty." *Id.*

The Fourth Circuit has identified six nonexclusive factors that should be considered when awarding damages or a defendant's profits under the Lanham Act:

> (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off.

*Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 175 (4th Cir. 2006). *Id.*[11]

Evidence of the TTAB cancellation proceeding is relevant to Coryn's knowledge of O.C.'s mark,[12] and is also probative of the fourth *Synergistic* factor—the timely assertion of O.C.'s rights in the SEACRETS mark. Accordingly, at trial the parties will be permitted to introduce evidence that O.C. brought the TTAB proceeding to cancel Coryn's federally registered mark, and that Coryn's registration was cancelled.[13] The Order accompanying this Memorandum Opinion will reflect this clarification.

---

[11] Although under § 1117(a) an award of monetary relief is "subject to the principles of equity"—and *Synergistic* instructs that the Court should apply "appropriate equitable principles" in making the award—whether the plaintiff is entitled to monetary relief may be submitted to the jury. Under § 1117(a), "[t]he court shall assess such profits and damages *or cause the same to be assessed under its direction.*" 15 U.S.C. § 1117(a) (emphasis added). *See also Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 74-75 (1st Cir. 2008)(evidence was sufficient to support jury's award of $250,000 in lost profits to seller).

[12] The first *Synergistic* factor may weigh in favor of damages when the infringer "did continue to develop its business under the . . . mark even if learning of [the senior user's] mark," despite there being no evidence of malice or other fraudulent conduct. *See Buzz Off Insect Shield, LLC v. S.C. Johnson & Son, Inc.*, 606 F. Supp. 2d 571, 588 (M.D.N.C. 2009).

[13] Although the TTAB decision is probative of Coryn's knowledge, the decision only cancelled Coryn's registration and did not, as Coryn points out, foreclose its right to continue using the SECRETS mark. *See Light Sources, Inc. v. Cosmedico Light, Inc.*, 360 F. Supp. 2d 432, 440 (D. Conn. 2005)("Litigation before the TTAB in opposition proceedings is . . . limited to whether one has the right to register a mark, and not whether one has the right to exclusive use of the mark in practice."). At trial,

However, O.C.'s request that the Court reconsider its ruling that the TTAB's factual findings be excluded will be denied. For the reasons explained in the March 10, 2011 Memorandum Opinion, O.C. will not be permitted to introduce evidence of the TTAB's factual findings.[14] Accordingly, O.C.'s motion for clarification or reconsideration will be granted in part, and denied in part.

---

the Court will consider the appropriateness of jury instructions on this point.

[14] O.C. argues that this Court incorrectly applied the law in the March 10, 2011 Memorandum when it held that the probative value of the TTAB decision was outweighed by the danger of unfair prejudice and confusion of the issues. ECF No. 229 at 14-17. O.C. continues to rely on *Zeus Enterprises, Inc. v. Alphin Aircraft, Inc.*, 190 F.3d 238 (4th Cir. 1999) for the proposition that an administrative decision, like the TTAB's, may be admissible over a Rule 403 objection. In *Zeus,* the Fourth Circuit held that the district court had not erred by admitting an administrative law judge's determination that an aircraft was not airworthy in a breach of contract action arising from the failure to restore the aircraft to airworthiness. 190 F.3d at 242-43. *Zeus* does not mandate the admission of such reports, but merely held that the admission of that administrative determination was not error. Although the *Zeus* court did not state the standard of review it applied, the Fourth Circuit reviews evidentiary rulings for abuse of discretion. *United States v. Gray,* 405 F.3d 227, 238 (4th Cir. 2005). Further, the probative value of the report admitted in *Zeus* was greater than the TTAB's decision. The TTAB did not consider the issues this jury will decide; its probative value is not "real and beyond dispute," and, as explained in the March 10, 2011 Memorandum Opinion, there is a great potential for confusing or misleading the jury. *Zeus,* 190 F.3d at 243.

III. Conclusion

For the reasons stated above, O.C.'s motion to set the order of proof will be granted, and O.C.'s motion for clarification or reconsideration will be granted in part, and denied in part.[15]

_____7/26/11_____          _____/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge

---

[15] O.C.'s unopposed motion to seal exhibit A to its motion for clarification or reconsideration will also be granted. The exhibit is within the parties' stipulated protective order. ECF No. 40.