IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THE CORYN GROUP II, LLC,

    Plaintiff,

        v.                          CIVIL NO.: WDQ-08-2764

O.C. SEACRETS, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The Coryn Group II, LLC ("Coryn II") appealed the Trademark Trial and Appeal Board's ("TTAB") cancellation of its registration for the mark "SECRETS" for "resort hotel services" and its denial of other relief. O.C. Seacrets ("O.C.") counterclaimed against Coryn II, and sued the Coryn Group, Inc., and AMR Resorts, LLC, (collectively "Coryn") under the Lanham Act and Maryland common law. For the following reasons, O.C.'s motion for leave to file a surreply will be granted, and Coryn's motion for reconsideration will be denied.

I.    Background

O.C., a Maryland corporation, owns and operates "Seacrets," a Jamaican-themed "entertainment complex" in Ocean City, Maryland. Leighton Moore Dep. 83:10-98:8, Oct. 2, 2006. O.C.'s federally registered trademark "SEACRETS" was issued on

October 7, 1997 for "restaurant and bar services." ECF No. 94, Ex. 3.

On June 22, 2000, Coryn filed an intent-to-use application for the mark SECRETS for "resort hotel services" with the United States Patent and Trademark Office ("USPTO"). Compl. ¶ 6. On October 7, 2003, the USPTO registered the SECRETS mark and assigned it U.S. Registration No. 2772061. *Id.* ¶ 7.

On August 20, 2008, the TTAB ordered the cancellation of Coryn's registration because O.C. had a priority of usage in its SEACRETS mark and there was a likelihood of confusion between the marks. *Id.* ¶ 10. The TTAB also denied Coryn's petition for partial cancellation or restriction because it found that the proposed restrictions would not avoid confusion. *Id.*

On October 20, 2008, Coryn appealed the TTAB's decision to this Court. ECF No. 1. On December 10, 2008, O.C. counterclaimed for trademark infringement and unfair competition under the Lanham Act and Maryland common law. ECF No. 29.

On March 10, 2011, the Court granted Coryn's motion to exclude the TTAB decision from presentation to the jury. ECF Nos. 220, 221. On March 23, 2011, O.C. moved for clarification or reconsideration of that order. ECF No. 223. On July 27, 2011, the Court granted O.C.'s motion for clarification and ordered that the parties would be permitted to introduce evidence "that O.C. Seacrets brought a TTAB cancellation

proceeding against Coryn, and that the TTAB cancelled Coryn's registration," but not of the TTAB's "factual findings." ECF No. 235.

On August 9, 2011, Coryn moved for reconsideration of the July clarification order. ECF No. 237. On September 15, 2011, O.C. moved for leave to file a surreply to the motion for reconsideration. ECF No. 240.

II. Analysis

A. Standard of Review

Motions for reconsideration of an interlocutory order are governed by Rule 54(b), under which "any order or other decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).[1] Thus, when warranted, a district court retains the power to reconsider and modify its interlocutory judgments at any time before final judgment. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003).[2] Resolution of the motion is "committed to the

---

[1] *See Mateti v. Activus Fin., LLC*, No. DKC-08-0540, 2009 WL 3633339, *4 (D. Md. Oct. 27, 2009).

[2] "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe*, 326 F.3d at 514 (*citing* 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.04[3] (3d ed.) ("Rule 60(b) does not govern relief from interlocutory orders . . . .")); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.

3

discretion of the district court," *Id.* at 515, and "the goal is to reach the correct judgment under law." *Netscape Commc'n Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010)(internal citations omitted).

Although Rule 60(b) applies only to final judgments, a court may consider the reasons in that rule when deciding whether to grant relief under Rule 54(b).[3] *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991); *Mateti*, 2009 WL 3633339 at *4. When a request for reconsideration merely asks the court to "change its mind," relief is not authorized.[4] *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001).

    B.    Review of the Motion for Clarification

In granting the motion for clarification, this Court held that:

> Evidence of the TTAB cancellation proceeding is relevant to Coryn's knowledge of O.C.'s mark, and is

---

1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.").

[3] Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

[4] Routine reconsideration of interlocutory orders would undermine judicial economy and respect for the finality of decisions. *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, 2010 WL 3522476, at *2 (W.D. Mo. Sept. 2, 2010).

> also probative of the fourth *Synergistic* factor—the timely assertion of O.C.'s rights in the SEACRETS mark. Accordingly, at trial the parties will be permitted to introduce evidence that O.C. brought the TTAB proceeding to cancel Coryn's federally registered mark, and that Coryn's registration was cancelled. . . . However, . . . O.C. will not be permitted to introduce evidence of the TTAB's factual findings.

ECF No. 234 at 14-15 (footnotes omitted) (*citing Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 175 (4th Cir. 2006)). Coryn contends that "O.C.'s filing of the Petition to Cancel with the TTAB . . . rather than the TTAB's ultimate cancellation decision" is relevant to Coryn's knowledge of the O.C. mark and O.C.'s timely assertion of its rights. Mot. for Recons. 2.[5] Coryn offers to stipulate to its knowledge of O.C.'s mark and that O.C. asserted its rights on the date of the petition to cancel, rendering the TTAB decision irrelevant. *Id.*

The mere fact that the TTAB cancelled Coryn's trademark registration is not prejudicial. As the Court noted in its

---

[5] Coryn contends that in the July decision the Court "clarified that its original decision covered only the TTAB's factual findings, not its ultimate likelihood of confusion holding." ECF No. 237 Ex.1 at 5. The Court's July Order is clear: the parties may introduce evidence "that O.C. Seacrets brought a TTAB cancellation proceeding against Coryn, and that the TTAB cancelled Coryn's registration." ECF No. 235. The TTAB's "ultimate finding"--that there was a likelihood of confusion of the marks--will not be admitted. The July opinion emphasizes that the Court will not admit evidence of the TTAB's finding that there was a likelihood of confusion; it will only admit evidence that O.C. brought the cancellation proceeding and that the TTAB cancelled Coryn's registration. *See* ECF No. 234 at 14-15.

March 2011 decision, the problem with the TTAB decision was its *finding* of the likelihood of confusion of the two marks. ECF No. 220 at 5-6. The relevance of TTAB's *finding of likelihood of confusion* in the cancellation proceeding is "limited because 'the standards . . . can be different than the likelihood of confusion standard applicable in trademark infringement actions." *Id.* at 6 (emphasis added) (*citing Levy v. Kosher Overseers Ass'n*, 104 F.3d 38, 41 (2d Cir. 1997)). The Court was concerned that the jury may either give undue weight to or "deliberate on the correctness of the [TTAB's] fact finding" if it learned that the TTAB had found a likelihood of confusion of the marks. *Id.* (internal quotation marks and citation omitted).

That the TTAB cancelled Coryn's registration will not present the jury with differing standards for finding likelihood of confusion or carry undue weight because the jury will not be told that the TTAB found a likelihood of confusion. The fact of cancellation is relevant, but is not prejudicial or perplexing when it is divorced from the TTAB's finding of a likelihood of confusion.

Coryn provides no support for the assertion that multiple pieces of evidence relevant to O.C.'s claim, permit Coryn to tell O.C. which evidence O.C. may use to prove its claim. Nor has Coryn identified authority for its contention that O.C. can

be forced to accept Coryn's proposed stipulation. A party may choose from the admissible evidence available to create a

> narrative . . . with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences . . . necessary to reach an honest verdict

Old Chief v. United States, 519 U.S. 172, 187 (1997).[6] Although the petition filing and the cancellation of Coryn's mark establish Coryn's notice of O.C.'s mark and O.C.'s timely assertion of its rights, Coryn may not dictate which of those two pieces of evidence O.C. must use to prove its case. Coryn's motion will be denied.

III. Conclusion

For the reasons stated above, O.C.'s motion for leave to file a surreply will be granted. Coryn's motion for reconsideration will be denied.

_9/29/11_  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge

---

[6] See also In re Diet Drugs, 369 F.3d 293, 314 (3d Cir. 2004) ("Unduly sterilizing a party's trial presentation can unfairly hamper her ability to shape a compelling and coherent exposition of the facts.").

7