IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

THE CORYN GROUP II, LLC,                *

    Plaintiff,                          *

    v.                                  *       CIVIL NO.: WDQ-08-2764

O.C. SEACRETS, INC.,                    *

    Defendant.                          *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

The Coryn Group II, LLC ("Coryn II") appealed the Trademark Trial and Appeal Board's ("TTAB") cancellation of its registration for the mark "SECRETS" for "resort hotel services" and its denial of other relief. O.C. Seacrets ("O.C.") counterclaimed against Coryn II, and sued the Coryn Group, Inc., and AMR Resorts, LLC, (collectively "Coryn") under the Lanham Act and Maryland common law. After a jury trial, judgment was entered in favor of O.C. for $1 in compensatory damages and $265,035 in punitive damages. For the following reasons and those discussed at trial, Coryn's motion for judgment as a matter of law, (ECF No. 263) was DENIED; O.C.'s motions for reconsideration, (ECF No. 257), and for judgment as a matter of law, (ECF Nos. 272, 273), were DENIED; and O.C.'s motion for jury instructions, (ECF No. 266), was GRANTED in part and DENIED in part.

I.  O.C.'s Motion for Reconsideration

On September 30, 2010, O.C. requested a conference with Coryn and the Court, to discuss exhibits and witnesses it discovered after the May 10, 2010 pre-trial order.  ECF No. 246. On October 28, 2011, at the final pre-trial conference, the Court limited the trial evidence to those exhibits and witnesses listed in the pre-trial order.  ECF No. 125.  The next day, O.C. moved for reconsideration of that limitation.  ECF No. 257.

Reconsideration of interlocutory orders is left to the discretion of the trial judge.  *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  O.C. provided no new facts or reasoning justifying reconsideration of the Court's order.  *See Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (merely asking the Court to change its mind does not justify reconsideration).  Accordingly, the motion was denied.

II.  The Motions for Judgment as a Matter of Law

On November 3, 2011, the fourth day of trial, Coryn moved for judgment as a matter of law.  ECF No. 263.  On November 7, 2011, O.C. moved for judgment as a matter of law on its federal trademark infringement and unfair competition claims, and separately on its Maryland law claims.  ECF Nos. 272, 273.

The motions were denied because the evidence would have supported a verdict for either party.  *See* Fed. R. Civ. P.

2

50(a)(1).  O.C. presented evidence that it used SEACRETS for its facility before Coryn adopted SECRETS, there was a likelihood of confusion of the marks, and there was a basis for damages.  Tr. 50:24-25 (first use); 58:11---63:11, 81:11-16, 312:12-18, 314:19---316:20, (likelihood of confusion); 320:18---334:18 (willful infringement).

Coryn presented evidence that it used SECRETS for hotels before O.C. opened its SEACRETS motel to the public, that there was no likelihood of confusion, and O.C. Seacrets had sustained no monetary damages.  Tr. 108:10-13, 300:3-7 (first use); 54:14-19, 109:17-22, 364:25---365:8, 412:11-19 (likelihood of confusion); 380:4-18, 412:11-19, 278:1-14 (damages).

Accordingly, judgment as a matter of law was inappropriate, and the motions were denied.

III. O.C.'s Motion for Jury Instructions

On November 6, 2011, O.C. moved for alternate jury instructions.  ECF No. 266.  The Court adopted two proposals and denied the remaining requests.  The proposed changes to the pattern instructions were unnecessary and generally misstated the law.

\_\_\_11/16/11_____  _____
Date                          William D. Quarles, Jr.
                              United States District Judge

3